UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **SHIRLEY REED** | : | **CIVIL ACTION NO. 2:19-CV-01413** |
| **VERSUS** | : | |
| | | **JUDGE JAMES D. CAIN, JR.** |
| **SUFFOLK MANOR APARTMENTS** | : | |
| **AND GMF PRESERVATION OF** | | |
| **AFFORDABILITY CORPORATION** | : | **MAGISTRATE JUDGE KAY** |

**REPORT AND RECOMMENDATION**

Before the court is a Motion to Remand [doc. 8] filed by plaintiff, Shirley Reed ("plaintiff"). The motion was filed in response to the Notice of Removal [doc. 1] filed by defendants Suffolk Manor Apartments ("Suffolk") and GMF Preservation of Affordability Corporation ("GMF") (collectively "defendants").

For the reasons stated it is **RECOMMENDED** that the motion be **DENIED**.

**I.
BACKGROUND**

The plaintiff filed suit against Suffolk and GMF in the 14th Judicial District Court, Parish of Calcasieu, State of Louisiana on September 9, 2019. Doc. 1, att. 1, p. 1. Her complaint seeks damages for injuries sustained on or about January 19, 2019, as a result of a trip and fall on a staircase and walkway owned and maintained by the defendants. *Id* at 2–3. She alleges she sustained injuries to her "body and mind", including but not limited to an injury to her shoulder. *Id* at 3.

The defendants removed the case to this court on October 31, 2019. Doc. 1, p. 1. They assert that this court has subject matter jurisdiction under 28 U.S.C. § 1332 because the matter involves a

controversy between citizens of different states[1] and the amount in controversy is over $75,000. *Id.*

Plaintiff does not contest the diversity of citizenship between the parties but argues that defendants have not met their burden with respect to amount in controversy. Doc 8, att. 1, p. 1. The defendants oppose the motion to remand. Doc. 10.

## II.
### LAW AND ANALYSIS

Louisiana law forbids plaintiffs in state courts from pleading a specific numerical value of damages. *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882 (5th Cir. 2000) (citing La. Code Civ. Proc. art. 893).Therefore, when a case originally filed in a Louisiana state court is removed to federal court on the basis of diversity, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. *Id.* (citing *Lucket v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999)). A defendant may meet this burden by either: (1) showing that it is facially apparent from the petition that the amount in controversy exceeds $75,000, or (2) setting forth facts in its removal petition that support a finding of the requisite amount in controversy. *Id.*

Even if defendant meets this burden, remand is still proper if the plaintiff demonstrates that it is legally certain that its recovery will not exceed the jurisdictional amount. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1409 (5th Cir. 1995). Plaintiffs may meet this burden by filing a pre-removal binding stipulation, or affidavit, affirmatively renouncing their right to accept a judgment in excess of $75,000. *Id.* at 1412 (quoting *In re Shell Oil Co.*, 970 F.2d 355, 356 (7th Cir. 1992)) (per curiam). Post-removal affidavits or stipulations do not deprive the district court of jurisdiction, and they are

---

[1] The plaintiff is a citizen of Louisiana and defendant, GMF, is a Tennessee corporation with its principal place of business in Tennessee. Defendant, Suffolk, is an Illinois partnership, whose sole partner is GMF. Doc. 1, pp. 2–3.  Citizenship of a partnership is determined by the citizenship of all its members. *See Americold Realty Tr. v. Conagra Foods, Inc.,* 136 S. Ct. 1012, 194 L. Ed. 2d 71 (2016); *See also* 28 U.S.C. § 1332. Therefore, Suffolk is domiciled in Tennessee and there is complete diversity in this matter.

not to be considered in support of remand unless the amount in controversy is ambiguous at the time of removal. *Gebbia*, 233 F.3d at 883.

The defendants assert that the petition makes it facially apparent that the amount in controversy exceeds $75,000. Doc. 10, p. 3. Defendants base this assertion on the fact that the plaintiff alleged several damages for injuries in her petition. *Id.* The injuries are to her body and mind and the damages include;

> (1) injuries to her shoulder;
> (2) past and future mental anguish and physical suffering;
> (3) past and future loss of enjoyment of life;
> (4) past and future expenses for medical care; and
> (5) past and future loss of earnings and impaired capacity.

Doc. 1, att. 1, p. 3. In *Gebbia*, the Fifth Circuit addressed the same issue as in the current matter. 233 F.3d at 883. The plaintiff alleged damages for, "medical expenses, physical pain and suffering, mental anguish and suffering, loss of enjoyment of life, loss of wages and earning capacity, and permanent disability and disfigurement." *Id*. The court found that those allegations made it facially apparent that the amount in controversy exceeds $75,000 because the allegations confer a substantial possibility of a large monetary award. *Id.*

Here, the allegations likewise support an amount in controversy over $75,000. Doc. 10, p. 3. For example, the plaintiff's request for future medical expenses indicates that the injury is likely serious enough to continue to require medical treatment. Additionally, plaintiff's request for past and future loss of earning indicates that the alleged injury sustained was and may continue to be serious enough to prevent plaintiff from working. Finally, the allegations of damages to the mind indicate another category of ongoing suffering. Accordingly, defendants have satisfied their burden.

The case could still be subject to remand if the plaintiff demonstrates that she is legally certain

-4-

that her recovery will not exceed the jurisdictional amount. *De Aguilar*, 47 F.3d at 1409. She can do so by providing a pre-removal stipulation or affidavit which affirmatively renounces her right to an award over $75,000. *Id* at 1412. As the defendants point out, the plaintiff did not submit a pre-removal affidavit or stipulation in the record. Doc. 10, p. 2. Therefore, the plaintiff did not prove to a legal certainty that she would not exceed the jurisdictional amount.

### III.
### CONCLUSION

For the reasons stated above, **IT IS RECOMMENDED** the Motion to Remand [doc. 8] be **DENIED.**

THUS DONE AND SIGNED in Chambers this 29th day of June, 2020.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE